UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN R. DURSO, JOSEPH FONTANO,            *
JACK CAFFEY, DEBRA SERVIDO,               *
FALLON AGER NELSON, JON GREENFIELD,       *
JOHN CATSIMATIDIS, ANGELO AVENA,          *
MORTON SLOAN, and JACOB DIMANT, M.D.,     *
as Trustees and Fiduciaries of the LOCAL 338    *
RETIREMENT FUND,                          *
                                          *
      Plaintiffs,                       *
                                          *
         - against -               *
                                          *
GLOBAL TROPICAL FRESH FRUIT CORP. and  *
GLOBAL TROPICAL PRODUCE LLC               *
                                          *
      Defendants.                       *
-------------------------------------------------------------------X

## COMPLAINT

The Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Local 338 Retirement Fund

(the "Fund"), by their attorneys, Friedman & Anspach, complaining of Defendants Global

Tropical Fresh Fruit Corp. and Global Tropical Produce LLC, allege as follows:

## INTRODUCTION

1.      Plaintiffs seek to recover withdrawal liability pursuant to the Employee

Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan

Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and the Fund's Trust Agreement.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to Sections 502(e),

502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1451(c).

3.  Venue lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund is administered and conducts business within this District.

4.  Defendant Global Tropical Fresh Fruit Corp. ("Global Tropical Fresh Fruit") is a New York corporation that maintains a principal place of business at 91 Brooklyn Terminal Market, Brooklyn, New York, 11236.

5.  Defendant Global Tropical Produce LLC ("Tropical Produce") is a New York corporation that maintains a principal place of business at 91 Brooklyn Terminal Market, Brooklyn, New York, 11236.

6.  Plaintiffs are the Trustees and Fiduciaries, and the plan sponsor, of the Local 338 Retirement Fund, which was and is a joint labor-management trust fund and multiemployer employee benefit plan, with its offices located in Mineola, New York.  The Fund is a multiemployer plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with an Agreement and Declaration of Trust ("Trust Agreement") and numerous collective bargaining agreements between Local 338, an employee organization representing employees engaged in commerce, and numerous employers engaged in activities affecting commerce.  Numerous employers are required by the collective bargaining agreements to contribute to the Fund.

### WITHDRAWAL LIABILITY OF GLOBAL TROPICAL FRESH FRUIT

7.  Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 6.

8.      At all relevant times, Defendant Global Tropical Fresh Fruit Corp. (hereinafter "Global Tropical Fresh Fruit") was a party to and bound by a series of collective bargaining agreements with Local 338. Pursuant to these agreements, Global Tropical Fresh Fruit was obligated to pay and in fact did pay contributions to the Fund on behalf of employees covered by said agreements, and was bound to the terms of the Trust Agreement governing the Fund.

9.      According to the Fund's records, in 2014, Global Tropical Fresh Fruit permanently ceased all contributions to the Fund. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Fund constitutes "complete withdrawal" from the Fund.

10.      Pursuant to ERISA § 4201, 29 U.S.C. § 1381, Global Tropical Fresh Fruit is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Fund has calculated Global Tropical Fresh Fruit's withdrawal liability to be $227,496.00.

11.      By letter dated December 18, 2014, in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), and Article VIII, Section 5(a)(I) of the Trust Agreement, the Fund sent Global Tropical Fresh Fruit a written demand for payment of its withdrawal liability, including a payment schedule, according to which Global Tropical Fresh Fruit was obligated to pay $17,324.00 in quarterly installments commencing on March 1, 2015, with a final payment of $4,859 due on September 1, 2018. Exhibit A, letter dated December 18, 2014.

12.      The Fund sent the December 18, 2014 letter to the home of Global Tropical Fresh Fruit CEO Harvey Ehrlich via first-class and return receipt mail. The first-class

letter was not returned and the Fund received a signed return receipt. Exhibit B, mail receipt

dated December 23, 2014.

13.     Global Tropical Fresh Fruit did not contest the Trustees' finding that it had

withdrawn from the Fund, and did not challenge the Fund's withdrawal liability assessment.

14.     Global Tropical Fresh Fruit failed to make the initial quarterly payment of

$17,324.00 due on March 1, 2015. To date, Global Tropical Fresh Fruit has not made the initial

quarterly payment or any subsequent payments.

15.     By letter dated May 29, 2015, the Trustees notified Global Tropical Fresh

Fruit of its failure to make its withdrawal liability payments, and informed it that it had sixty (60)

days to cure its default and make its withdrawal liability payments. Exhibit C, letter dated May

29, 2015.

16.     Global Tropical Fresh Fruit did not cure its failure to make quarterly

withdrawal liability payments. Thus, by failing to make its quarterly withdrawal liability

payments within sixty (60) days of receiving notice of such failure, Global Tropical Fresh Fruit

defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA

Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Trust Agreement. The entire

outstanding balance of its withdrawal liability ($227,496.00), plus interest running from the date

the first payment was due, is therefore due and owing pursuant to ERISA Sections 515 and

4219(c)(5), 29 U.S.C. §§ 1145, 1399(c)(5), and Article VIII, Section 5 of the Trust Agreement.

17.     In accordance with Article VII, Section 5 and Article VIII, Section 5 of

the Trust Agreement and ERISA Sections 502(g)(2)(B) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B)

and 1451(b), and 29 C.F.R. § 4219.32, and the Trust Agreement, the Fund is entitled to receive

interest at the rate of eighteen percent (18%) per annum on delinquent withdrawal liability

payments from the date due to the date the delinquency is paid.

18.     In accordance with Article VII, Section 5 of the Trust Agreement and

ERISA Sections 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b),

Global Tropical Fresh Fruit is obligated to pay the greater of liquidated damages in the form of

twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount

set forth above, plus costs and attorneys' fees.

DEFENDANTS' CONTROLLED GROUP LIABILITY<br>FOR WITHDRAWAL LIABILITY

19.     Global Tropical Fresh Fruit and Global Tropical Produce LLC share an

address.

20.     Global Tropical Fresh Fruit and Global Tropical Produce LLC's corporate

names appear to be related.

21.     Global Tropical Fresh Fruit and Global Tropical Produce LLC engage in

the same business.

22.     Upon information and belief, Global Tropical Fresh Fruit and Global

Tropical Produce LLC are trades or businesses that are under common control within the

meaning of 29 U.S.C. § 1301(b)(1) and 26 C.F.R. §§ 1.414(c)-1 to (c)-5 (i.e., a "controlled

group").

23.     Therefore, Global Tropical Fresh Fruit and Global Tropical Produce LLC

are jointly and severally liable for the withdrawal liability of Global Tropical Fresh Fruit.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Global Tropical

Fresh Fruit and Global Tropical Produce LLC, jointly and severally, for withdrawal liability in

the amount of $227,496.00 pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and

ERISA Section 515, 29 U.S.C. § 1145; plus interest at the rate of eighteen percent (18%) per

annum from the date due until the date on which judgment is entered; plus the greater of

liquidated damages in the amount of twenty percent (20%) of its outstanding withdrawal

liability, or additional interest in an amount equal to the interest described above; plus attorneys'

fees and costs; plus such other relief as the Court deems appropriate.


Dated: November 4, 2015
      New York, New York


           /s/_____
           Amanda Bell (AB-1216)

           FRIEDMAN & ANSPACH
           1500 Broadway, Suite 2300
           New York, New York 10036
           (212) 354-4500
           abell@friedmananspach.com

           Attorneys for Plaintiffs

# EXHIBIT A

 **Local 338** RETIREMENT FUND

**JOHN R. DURSO**
Chairman

**CHARLES F. HAMILTON**
Funds Administrator

VIA CERTIFIED, RETURN RECEIPT
AND REGULAR MAIL

December 18, 2014

Mr. Harvey Ehrlich
Global Tropical Fresh Fruit
531 Sycamore Street
Staten Island, NY 10312

> **Re:** **Global Tropical Fresh Fruit – Notice and
> Demand For Payment of Withdrawal Liability**

Dear Mr. Ehrlich:

We write on behalf of the Board of Trustees (the "Trustees") of the Local 338 Retirement Fund (the "Fund"). According to our records, Global Tropical Fresh Fruit permanently ceased contributions to the Fund as of January 18, 2014. As a result, Global Tropical Fresh Fruit has effected a complete withdrawal from the Fund, within the meaning of Section 4203 (a) of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"). Consequently, Global Tropical Fresh Fruit is subject to payment of withdrawal liability to the Fund. This letter constitutes the Fund's formal Notice and Demand for Withdrawal Liability pursuant to the provisions of Sections 4202 and 4219 (b)(1) of ERISA (the "Notice").

Global Tropical Fresh Fruit's withdrawal liability was calculated using the "rolling five" method of calculating withdrawal liability, as provided in Section 4211 (c)(3) of ERISA. Based on this calculation, Global Tropical Fresh Fruit's withdrawal liability to the Fund is $227,496.

Pursuant to Section 4219 (c) of ERISA and the Fund's Trust Agreement, Global Tropical Fresh Fruit may amortize its withdrawal liability in 14 quarterly installment payments each in the amount of $17,324. Global Tropical Fresh Fruit's first quarterly payment is due March 1, 2015, and all subsequent quarterly payments are shown due on the attached payment schedule prepared for your convenience. The final payment is due on September 1, 2018. Kindly make your check payable to the Local 338 Retirement Fund, and forward your payment to:

Local 338 Retirement Fund
1505 Kellum Place
Mineola, NY 11501
Attn.: Charles F. Hamilton
Fund Administrator

You should be aware that Global Tropical Fresh Fruit is entitled to prepay the full amount of its withdrawal liability (plus accrued interest, if any) in whole or in part, without penalty. Please advise us as soon as possible as to whether Global Tropical Fresh Fruit would prefer to avail itself of this prepayment option. The

lump sum prepayment amount for the entire amount of Global Tropical Fresh Fruit's withdrawal liability is $227,496.

Under Section 4219 (c) of ERISA, Global Tropical Fresh Fruit's payment of its quarterly withdrawal liability installments to the Fund is required to commence timely, "notwithstanding any request for review or appeal of determination of the amount of such liability." Interest shall be charged on any amount in default from the date the payment was due to the date it is paid at the rate of one and one half percent (1 ½%) per month of each monthly amount due for each month from the date of the underpayment to the date it is actually paid.

Failure to commence (and continue) timely withdrawal liability payments will constitute a "default" (under Section 4219(c)(5) of ERISA) which will entitle the Fund to accelerate, and require the immediate payment of, the full amount of Global Tropical Fresh Fruit's withdrawal liability, plus accrued interest. Furthermore, the Fund will treat such default as a delinquency, resulting in the assessment (in addition to the withdrawal liability plus accrued interest) of liquidated damages (equal to the greater of (i) the accrued interest, or (ii) 20 percent of Global Tropical Fresh Fruit's aggregate withdrawal liability), as well as any court costs and attorney's fees incurred by the Fund in collecting such amounts.

Under Section 4219 (b) (2) (A) of ERISA, Global Tropical Fresh Fruit has the right within ninety (90) days after receipt of this Notice, to:

(1) Request that the Trustees review any specific matter relating to the determination of its withdrawal liability and the schedule of payments described herein;

(2) Identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to it; and

(3) Furnish any additional relevant information to the Trustees.

If you fail to request review of this withdrawal liability determination within ninety (90) days of the date of this Notice, you waive your right to contest this withdrawal liability determination.

Further, pursuant to ERISA Section 4221, you have the right to demand arbitration of any dispute concerning this withdrawal liability determination within sixty (60) days of either: (A) the date the Fund responds to your request for review; or (B) one hundred twenty (120) days from the date you requested review of this withdrawal liability determination, whichever is earlier. If you do not demand arbitration within these time limits, you will have waived your right to present any disputes you have regarding this withdrawal liability determination to an arbitrator.

Pursuant to Section 4219(a) of ERISA (which provides that a contributing employer shall, within thirty (30) days after a written request from the plan sponsor, furnish such information as the plan sponsor determines to be necessary to comply with the requirements of ERISA), it is hereby requested that Global Tropical Fresh Fruit advise the undersigned, within thirty (30) days of the date of this Notice, whether it is or was (since September 26, 1980) a member of a trade or business "under common control" within the meaning of Sections 414 and 1563 of the Internal Revenue code, and the regulations promulgated thereunder (i.e., a "controlled group").

If Global Tropical Fresh Fruit is (or was) a member of a controlled group, kindly furnish us with the corporate (or business) names, addresses, and telephone numbers of each organization in such controlled group. Please also note whether any of these organizations contributed to the Fund at any time after September 26, 1980.

If you have any questions about this matter, please contact the Fund Office. Thank you for your attention to these matters.

Very truly yours,

Charles F. Hamilton
Fund Administrator

cc:   Friedman & Anspach, Fund Counsel

Attached for your convenience is a schedule of your payments going forward.

| 1) March 1, 2015 $17,324 | 2) June 1, 2015 $17,324 | 3) September 1, 2015 $17,324 | 4) December 1, 2015 $17,324 |
|---|---|---|---|
| 5) March 1, 2016 $17,324 | 6) June 1, 2016 $17,324 | 7) September 1, 2016 $17,324 | 8) December 1, 2016 $17,324 |
| 9) March 1, 2017 $17,324 | 10)June 1, 2017 $17,324 | 11)September 1, 2017 $17,324 | 12)December 1, 2017 $17,324 |
| 13)March 1, 2018 $17,324 | 14)June 1, 2018 $17,324 | FINAL - September 1, 2018 $4,859 | |

# EXHIBIT B

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

Postage | $ |
Certified Fee | 3.30 |
Return Receipt Fee (Endorsement Required) | 2.72 |
Restricted Delivery Fee (Endorsement Required) | |
Total Postage & Fees | $ |

Postmark Here

DEC 2 3 2014

7009 3410 0001 6417 3521

Sent To Mr. Harvey Ehrlich
Street, Apt. No; or PO Box No. 531 Sycamore St
City, State, ZIP+4 Staten Island NY 10312

PS Form 3800, August 2006          See Reverse for Instructions

Global Tropical

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Harvey Ehrlich
531 Sycamore Street
Staten Island, NY 10312

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7009 3410 0001 6417 3521

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT C

 **Local 338** **RETIREMENT FUND**

**JOHN R. DURSO**  **CHARLES F. HAMILTON**
Chairman  Funds Administrator

VIA CERTIFIED, RETURN RECEIPT                                    May 29, 2015
AND REGULAR MAIL

Mr. Harvey Ehrlich
Global Tropical Fresh Fruit
531 Sycamore Street
Staten Island, NY 10312

                                        **Re: Global Tropical Fresh Fruit – Notice and**
                                        **Demand For Payment of Withdrawal Liability**

Dear Employer:

The purpose of this letter is to notify Global Tropical Fresh Fruit that it has failed to remit its first quarterly installment that was due March 1, 2015. Continued failure to pay will result in Global Tropical Fresh Fruit being in default on its obligation to the Pension Fund pursuant to Section 4219(c)(5)(B) of the Employee Retirement Security Act of 1974, as amended (29 U.S.C. § 1399 (c)(5)(B) and Article VIII, Sections 4(e)(I)(A) and (C) of the Local 338 Retirement Fund Plan. Global Tropical Fresh Fruit has sixty (60) days from the receipt of this notice to deliver the withdrawal liability payments to this address, plus pay the accrued interest; otherwise, the Local 338 Retirement Fund will pursue all available remedies.

Sincerely,

Charles F. Hamilton
Funds Administrator

**STRONGER│TOGETHER**
1505 Kellum Place • Mineola, NY 11501 • (516) 294-1338
Website: local338.org