UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
JOHN R. DURSO, JOSEPH FONTANO,
JACK CAFFEY, DEBRA SERVIDO,
FALLON AGER NELSON, JON GREENFIELD,
JOHN CATSIMATIDIS, ANGELO AVENA,
MORTON SLOAN, and JACOB DIMANT, M.D.,
as Trustees and Fiduciaries of the LOCAL 338
RETIREMENT FUND,                                                                **ORDER**
                                                                                                    15-CV-6315 (JMA) (AYS)
                                                    Plaintiffs,

                    v.

GLOBAL TROPICAL FRESH FRUIT CORP. and                                      **FILED**
GLOBAL TROPICAL PRODUCE LLC                                                  **CLERK**

                                                                                                    5/16/2017 4:52 pm

                                                    Defendants.                           **U.S. DISTRICT COURT**
----------------------------------------------------------------------X             **EASTERN DISTRICT OF NEW YORK**
                                                                                                    **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is plaintiffs' motion for default judgment against defendants Global Tropical Fresh Fruit Corp.[1] and Global Tropical Produce LLC. After reviewing the plaintiffs' motion and supporting evidence, the Court grants the motion for default judgment and finds the defendants jointly and severally liable for damages in the amount of $437,640.91.

## I.  BACKGROUND

Plaintiffs as the Trustees and Fiduciaries of the Local 338 Retirement Fund filed this suit against defendants to recover damages related to defendant Global Tropical Fresh Fruit's

---

[1] In their submissions, plaintiffs alternatively refer to this defendant as "Global Tropical Fresh Fruit Corp." and "Global Tropical Fresh Fruit Inc."  Going forward, the Court will simply refer to this defendant as "Global Tropical Fresh Fruit."

1

withdrawal from the Fund in 2014.  The suit seeks relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Plaintiffs allege that defendant Global Tropical Fresh Fruit entered into a series of collective bargainning agreements (the "CBAs") with the Local 338 Retirement Fund.  (Compl. ¶ 8, ECF No. 1.)  Plaintiffs also allege that in 2014, Global Tropical Fresh Fruit permanently ceased all contributions to the Fund.  (Id. ¶ 9.)  Furthermore, plaintiffs contend that defendant Global Tropical Fresh Fruit and defendant Global Tropical Produce LLC are under common control.  (Id. ¶¶ 19–22.)

Defendants have neither answered nor appeared in this action.  In June 2016, plaintiffs obtained a clerk's entry of default against defendants.  (ECF No. 8.)  In September 2016, plaintiffs served defendants with a motion for default judgment.  (ECF No. 13.)

## II.  DISCUSSION

### A.  Defendants Defaulted

Defendants, who have not responded to the motion, defaulted by failing to appear or defend this action.

### B.  Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs' favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish a defendant's liability as a matter of law.  Id.

The allegations in the complaint are sufficient to establish liability as to Global Tropical Fresh Fruit.  ERISA provides that an employer who permanently ceases contributions to a fund to which it is obligated to contribute incurs withdrawal liability according to a statutory formula.  29

U.S.C. § 1381. The CBAs establish Global Tropical Fresh Fruit's obligation to contribute to the Fund. (Compl. ¶ 8.) According to the complaint, Global Tropical Fresh Fruit stopped making payments as of 2014. (Id. ¶ 9.) Global Tropical Fresh Fruit has thus incurred withdrawal liability. Because "[w]ithdrawal liability extends to any trade or business under 'common control' with the withdrawing employer," I.L.G.W.U. Nat'l Ret. Fund v. ESI Grp., Inc., No. 92-CV-597, 2002 WL 999303, at *5 (S.D.N.Y. 2002), aff'd 94 F. App'x 850 (2d Cir. 2003), the allegations in the complaint are also sufficient to establish liability as to Global Tropical Produce LLC.

**C. Damages**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

3

Pursuant to ERISA and the CBAs, defendants are required to pay Global Tropical Fresh Fruit's withdrawal liability. 29 U.S.C. § 1145. Pursuant to ERISA, plaintiffs are further entitled to interest on the unpaid contributions, the greater of interest on the unpaid contributions or 20% of the amount due as liquidated damages, and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2).

The affidavit of Charles Hamilton, the declaration of Amanda Bell, and attached documentary evidence support plaintiffs' damages request. (See Hamilton Aff., ECF No. 11; Bell Decl., ECF No. 12.) The Court finds, based on the documentary evidence submitted, that plaintiffs have established the following damages to a reasonable certainty: Defendants are liable for $437,640.91 in damages, comprised of: (1) $227,496.00 for Global Tropical Fresh Fruit's withdrawal liability; (2) $100,634.33 in interest; (3) $100,634.33 in additional interest; (4) $7,711.25 in attorney's fees; and (5) $1,165.00 in costs. With respect to the attorney's fees award, both the hourly rate sought by plaintiffs' counsel and the time spent are reasonable and supported by contemporaneous time records. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

### III.  CONCLUSION

The Court grants plaintiffs' motion for default judgment against defendants Global Tropical Fresh Fruit and Global Tropical Produce LLC.  Defendants are jointly and severally liable in the amount of $437,640.91.  The Clerk of the Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated:  May 16, 2017
       Central Islip, New York

                                                  /s/   (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE